UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X                 04 CV 1518 (NG)
RAFIU AJADI ABIMBOLA,

                            Petitioner,

       - against -                                                              **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                            Respondent.
-------------------------------------------------------------X

**GERSHON, United States District Judge:**

    *Pro se* petitioner Rafiu Adjadi Abimbola seeks relief, pursuant to 28 U.S.C. § 2255, from a sentence imposed on him by this court. In the alternative, petitioner seeks a writ of error *coram nobis*. Because petitioner was no longer in custody pursuant to the sentence imposed by this court at the time his petition was filed, the court lacks jurisdiction to consider his claims for relief under Section 2255. For the reasons set forth below, petitioner's application for a writ of error *coram nobis* is denied.

## BACKGROUND

    On February 24, 1997, pursuant to a plea agreement with the government, petitioner pled guilty before this court to two counts of bank fraud. The plea agreement included a provision in which petitioner agreed to waive the right to appeal his conviction, provided that any prison term imposed by the court at sentencing did not exceed 21 months. On May 23, 1997, petitioner was sentenced to 21 months in prison and a five year term of supervised release. Judgment of conviction was entered on June 3, 1997. Petitioner appealed his conviction to the Court of Appeals for the

1

Second Circuit. His appeal was dismissed on September 10, 2003 "because [petitioner] waived his right to appeal." *United States v. Ajadi*, No. 97-1325 (2d Cir. Sept. 10, 2003).

Following petitioner's release from federal prison, he entered the custody of the Connecticut Department of Corrections, in connection with a state conviction. He was released from Connecticut custody on October 30, 1997. Subsequently, pursuant to the terms of his federal supervised release, he reported to the court's Probation Department on a regular basis until, on December 8, 1997, he failed to appear for a meeting with his probation officer and failed to advise the officer of a change in his address. As a result, petitioner was charged with violating his supervised release. After pleading guilty to the violation, petitioner was sentenced to an additional 10 months in prison and a one year term of supervised release.

Petitioner completed his second federal prison term in April 1999. He then reentered the Connecticut prison system, in connection with another state conviction. Following his release from state custody on June 19, 2000, he was taken into custody by the Immigration and Naturalization Service ("INS"). An order of removal was entered against him on June 22, 2001, based on a May 7, 1999 Connecticut conviction for third degree larceny, which constitutes an "aggravated felony" under federal immigration law.[1] *See* 8 U.S.C. § 1101(a)(43)(G). The order of removal was affirmed on direct appeal to the Board of Immigration Appeals, and upheld on habeas corpus review. *See Abimbola v. Ashcroft*, 378 F.3d 173 (2d Cir. 2004). Petitioner currently remains in the custody of federal immigration authorities.

---

[1]Although the original INS charge included only petitioner's federal conviction as a basis for his removability, the INS amended the notice to appear by adding the Connecticut larceny conviction. Subsequently, the INS withdrew the charge of removability based on the federal conviction because that conviction was still pending appeal at the time of the removal proceedings. *See Abimbola v. Ashcroft*, 378 F.3d 173, 174 (2d Cir. 2004).

The instant petition for collateral review of petitioner's federal sentence was filed on March 7, 2004. In it, petitioner makes five claims for relief pursuant to Section 2255: (1) his plea was not knowing and voluntary; (2) his waiver of the right to appeal was defective and unenforceable; (3) his due process rights were violated by the court's failure to preserve a certain transcript; (4) he was denied the effective assistance of counsel when his attorney failed to file a motion to suppress certain evidence; and (5) he was denied the effective assistance of counsel when his attorney advised him that his conviction would not have collateral immigration consequences. In an addendum to his reply brief, petitioner asks the court to grant a writ of error *coram nobis*, should it find that Section 2255 relief is unavailable.

## DISCUSSION

### I.     The "In Custody" Requirement of Section 2255

A district court may not entertain a collateral attack on a sentence imposed by a federal court unless the petitioner satisfies the jurisdictional "in custody" requirement of 28 U.S.C. § 2255.[2] *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994). To do this, the petitioner must be in custody pursuant to the challenged sentence when the petition for collateral review is filed. *Id*. Physical confinement is not necessary to satisfy the "in custody" requirement; a petitioner who is on parole or serving a term of supervised release is "in custody" for the purposes of the federal habeas corpus statutes. *Id*.

In *Maleng v. Cook*, 490 U.S. 488, 492 (1989), the Supreme Court held that a petitioner does

---

[2]An analogous requirement exists under 28 U.S.C. § 2254, and cases discussing either requirement are cited interchangeably.

not remain "in custody" after the petitioner's sentence has been fully discharged merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which the petitioner may be convicted. *Id*. "While we have very liberally construed the 'in custody' requirement for purposes of federal habeas," the Court explained, "we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id*. Indeed the Court noted that its prior cases created an implication that, once the sentence imposed for a conviction has been fully discharged, the collateral consequences of that conviction are never sufficient, by themselves, to render an individual "in custody" for the purposes of habeas corpus review. *Id.* Building on the Supreme Court's analysis, other courts have reasoned that the collateral immigration consequences of a petitioner's conviction are not sufficient to satisfy the "in custody" requirement of Sections 2254 and 2255, even when those consequences include detention by immigration authorities. *See, e.g., Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) ("Because [petitioner's] sentence was fully expired by the time he filed his Section 2255 motion and the current deportation proceedings against him are merely a collateral consequence of his conviction, he is not 'in custody' for the purposes of Section 2255."); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (finding that a petitioner did not satisfy the "in custody" requirement of Section 2255 even though he was facing the collateral consequence of deportation); *Cuevas v. People*, 2002 WL 206985 (S.D.N.Y. 2002) ("A habeas petitioner who has completed his sentence and was the subject of an INS deportation order cannot attack his underlying state court criminal conviction in a federal habeas corpus proceeding because he was no longer in custody with respect to the expired state conviction."); *Adegbuji v. United States*, 2003 WL 21961122 (S.D.N.Y. 2003) (holding that petitioner's "current INS incarceration is a collateral consequence of his

convictions for the purposes of Section 2255" insufficient to satisfy the "in custody" requirement of that statute). *But see Abimbola v. People*, 2003 WL 22952852 (E.D.N.Y. 2003).

Here, the government argues that petitioner's second term of supervised release, following his violation of the original term imposed by this court, commenced on June 19, 2000, the date of petitioner's release from state custody, and ended on June 19, 2001. As a result, the government asserts that June 19, 2001 is the date on which petitioner's federal sentence was fully discharged. Petitioner argues, in response, that his term of supervised release is tolled during his detention by immigration authorities and, thus, is still pending.

A term of supervised release commences on the day that the person subject to supervision is released from imprisonment. 18 U.S.C. § 3624(e); *United States v. Barresi*, 361 F.3d 666, 676 (2d Cir. 2004). Pursuant to statute, a term of supervised release is tolled "during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). The statute, however, does not expressly authorize the tolling of a term of supervised release during a period of detention by immigration authorities, and such tolling would be inconsistent with other statutory provisions. *See* 18 U.S.C. § 3583(d) ("If an alien defendant is subject to deportation, the court may provide, *as a condition of supervised release*, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation.") (emphasis added); *United States v. Balogun*, 146 F.3d 141, 147 (2d Cir. 1988) ("In light of . . . Congress's express provision for a suspension of the supervised-release term in one instance without providing for a similar suspension while a defendant is excluded from the United States, . . . we conclude that Congress did not intend to authorize the courts to toll the supervised-

5

release term after the defendant's release from prison for a period during which he is deported or excluded from the United States."). Accordingly, the government is correct that petitioner's term of supervised release commenced on the day that he was released from the Connecticut prison, and ended one year later, notwithstanding his detention by INS during that period.

Petitioner also argues that the government should be estopped from asserting that his term of supervised release commenced upon his release from the Connecticut prison because his probation officer advised him that it would not commence until his release from INS custody. But a term of supervised release is not subject to equitable tolling; its timing is strictly governed by statute. *See Barresi*, 361 F.3d at 676.

The court concludes that petitioner's federal sentence was fully discharged on June 19, 2001. Thus, he was no longer in custody pursuant to that sentence when he filed the instant petition on March 7, 2004. As a result, the court has no jurisdiction to hear petitioner's claims for relief under Section 2255.

The court notes that petitioner's current detention by immigration authorities is unrelated to his federal conviction. The sole basis for the order of removal entered against him was his Connecticut conviction for third degree larceny. Thus, even if the collateral immigration consequences stemming from a conviction could, as a matter of law, satisfy the "in custody" requirement of Section 2255, petitioner is not facing any such consequences as a result of the sentence imposed by this court.

## II. Writ of Error Coram Nobis

Federal courts are authorized to grant the ancient common law writ of error *coram nobis* by

the All Writs Act, codified at 28 U.S.C.§ 1651(a). *United States v. Morgan*, 346 U.S. 502, 511 (1954). A writ of error *coram nobis* is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction. *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). *Coram nobis* is not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid. *Id*. In reviewing a petition for the writ, a court must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner. *Id*. To obtain *coram nobis* relief, a petitioner must demonstrate that: (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ. *Id*.

To satisfy the third element, a petitioner must, at minimum, identify a "concrete threat" of "serious harm" posed by the continued existence of the erroneous conviction; it is not enough for a petitioner to raise purely speculative harms. *Fleming v. United States*, 146 F.3d 88, 91 (2d Cir. 1998) (affirming denial of writ where petitioner claimed that his conviction prevented him from becoming a licensed securities broker but presented no evidence that he had ever sought and been denied a license, that he had ever been employed as a securities broker in the past, or that he could have obtained such employment but for his conviction). Here, even if petitioner's application for a writ of error *coram nobis* is not barred by his waiver of appeal, petitioner fails to identify any legal consequence that he continues to suffer as a result of his conviction. As discussed above, the order of removal entered against petitioner is based solely on a state conviction and would be unaffected by vacatur of his federal conviction. Petitioner argues that the immigration authorities could

commence further removal proceedings against him based on his federal conviction. But since petitioner is already subject to a final order of removal, which has withstood habeas corpus review, the immigration authorities have no reason to commence further proceedings against petitioner, nor could petitioner suffer further harm from such proceedings. Accordingly, petitioner's application for a writ of error *coram nobis* is denied.

## CONCLUSION

For the reasons set forth above, petitioner's application for relief pursuant to 28 U.S.C. § 2255 is dismissed, and petitioner's application for a writ of error *coram nobis* is denied. The Clerk of Court is directed to enter judgment for respondent. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c).

**SO ORDERED.**

_____/S/_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
April 19, 2005